IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DESHAWN JEFFERSON, #08736-028**                                             **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO. 5:13-cv-48-DCB-MTP**

**NFN JACKS**                                                      **DEFENDANT**

MEMORANDUM OPINION

The Plaintiff, a federal inmate of the Bureau of Prisons, filed on April 1, 2013, a *Bivens* Complaint pursuant to 28 U.S.C. § 1331 and requested *in forma pauperis* status. On April 3, 2013, two Orders were entered in this case. One Order directed the Plaintiff to pay the required filing fee or file a completed *in forma pauperis* application, within thirty days. The other Order directed the Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. The Plaintiff failed to comply with both of the Orders. The Plaintiff was warned in these Court Orders that failure to keep the Court informed of his current address or his failure to timely comply with the requirements of the Orders may lead to the dismissal of his Complaint.

On May 30, 2013, an Order to Show Cause [ECF No. 5] was entered directing Plaintiff to file a written response showing cause why this case should not be dismissed for his failure to comply with the Court's previous Orders. In addition, Plaintiff was directed to file, on or before June 14, 2013, the required documents as set forth in the April 3, 2013 Orders. Plaintiff was warned that his failure to keep the Court informed of his current address or his failure to timely comply with the requirements of the Show Cause Order would lead to the dismissal of this case. The Plaintiff did not comply with the Show Cause Order.

Since Plaintiff is proceeding *pro se*, he was provided one additional opportunity to comply

with the Court's Orders prior to the dismissal of this case. On July 2, 2013, the Court entered a Final Order to Show Cause [ECF No. 6]. Plaintiff was directed to show cause, on or before July 17, 2013, why this case should not be dismissed for his failure to comply with the Court's prior Orders. In addition, Plaintiff was directed to comply with the previous Orders by filing the required documents on or before July 17, 2013. Consistent with the prior orders, the Final Order to Show Cause warned Plaintiff that failure to keep the Court informed of his current address or his failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint without further notice. On July 9, 2013, the envelope [ECF No. 7] containing the Final Order to Show Cause was returned by the postal service with the notation, "return to sender - addressee unknown." Plaintiff has not contacted the Court with his current address and he has not complied with the Final Order to Show Cause.

Plaintiff has failed to comply with four Court orders, and he has not contacted this Court since he filed this case on April 1, 2013. The Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

As the record demonstrates, the Court's effort to pursue a lesser sanction than dismissal

has proven futile.  *See,  e.g.*,  *Douglass v. United States*, No. 99-11288, 2000 WL 1056125, at *4 (5th Cir.  July 20, 2000)(finding unheeded warnings of dismissal to *pro se* litigant demonstrated lesser sanctions would not be effective).  Therefore, the Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  *See Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009) (affirming dismissal based on inmate's failure to comply with a court order).  Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v.  Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

     A Final Judgment in accordance with this Memorandum Opinion will be entered.

     THIS, the <u>1st</u>  day of August, 2013.

                                        <u>s/David Bramlette</u>
                                        UNITED STATES DISTRICT JUDGE